Accordingly, this case must be dismissed as to all defendants.

It is so ORDERED.

John George ST. LAWRENCE, Petitioner,

v.

UNITED STATES of America, Respondent.

Crim. No. 1453–70.

United States District Court, District of Columbia.

Feb. 24, 1977.

he now claims to have recently obtained evidence that shows that the government withheld from him at trial certain notes or the name of a possible witness, either of which would have allowed him to demonstrate his innocence. It is to this contention that the Court can limit its attention.

## I

St. Lawrence, of necessity, has brought this petition for relief under the All Writs Act, 28 U.S.C. § 1651 (1970): the time for filing a motion under Rule 33 of the Federal Rules of Criminal Procedure has long ago expired; and the petitioner is no longer in custody and therefore can no longer file under 28 U.S.C. § 2255 (1970).

Writs under § 1651 are issued only in extraordinary circumstances. In cases such as this, where a petitioner seeks relief from a criminal conviction, he must give the Court evidence which shows that the previous decision that he was guilty is clearly wrong. See, *e. g., Moon v. United States*, 106 U.S.App.D.C. 301, 272 F.2d 530 (1959).

Put in this context, St. Lawrence's argument is as follows:

What was said during a July 24, 1970, telephone conversation between St. Lawrence and the complainant was crucial to the government's case against the petitioner. The only evidence submitted to the jury on this point was the testimony of the complaining witness. Yet the call was monitored by an Officer Grove of the D.C. Police Department, and he took notes on what he heard. The trial prosecutor knew that the call was monitored and that notes of it were made, but he did not disclose these facts to the defendant—even when the defendant asked for copies of all notes or questioned whether the call had been monitored. Nor did he call Officer Grove as a witness. Indeed, when asked, the prosecutor denied that the telephone conversation was ever monitored. This leads inevitably to the conclusion that the notes or the testimony of Officer Grove would have shown St. Lawrence to be innocent.

D. Carroll McGean, Upper Marlboro, Md., for petitioner John George St. Lawrence.

Earl J. Silbert, U. S. Atty., and Oscar Altshuler and Cheryl M. Long, Asst. U. S. Attys., Washington, D. C., for United States.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

The petitioner in this case, John G. St. Lawrence, seeks a judgment of acquittal or a new trial. A jury convicted him in this Court in 1970 of aiding and abetting extortion. All of the arguments St. Lawrence now makes have been made previously and have been found by this Court and by the Court of Appeals to be without merit. But

## A

The petitioner focuses first on the notes. The evidence on which he relies to establish that Officer Grove monitored and took notes of the conversation, and that the prosecutor knew that these notes existed, is the testimony of an FBI agent at St. Lawrence's preliminary hearing. The testimony was given in response to questions from a government attorney, though not the one who later participated in the trial.[1]

The pertinent part of this testimony is as follows:

\*     \*     \*     \*     \*     \*

Q. Directing your attention, then, to a call that was on the 20—

A. 24th of July.

Q. The 24th of July, and Officer Grove of the Metropolitan Police Department.

A. Yes, sir.

Q. Are you familiar with that phone call overheard by Mr. Grove?

A. Yes, sir.

Q. Have the contents of that phone call been described to you?

A. I don't have a copy of Mr. Grove's notes or the Metropolitan Police Department records with me.

\*     \*     \*     \*     \*     \*

[Transcript of Preliminary Hearing at 30]

This testimony clearly establishes that the July 24 telephone conversation was monitored. The petitioner also claims, however, that the FBI agent's statement that he did not "have a copy of Mr. Grove's notes, or the Metropolitan Police Department records" with him, and also the fact that the prosecutor independently knew of Officer Grove, establishes both that the policeman took notes and that these notes were in the government file, which was later passed on to the trial prosecutor.

In this Court's view, this evidence is not nearly so strong as the petitioner suggests. The FBI agent very likely was simply assuming that the officer took notes; it does not appear that he actually knew the officer took them. And the fact that the prosecutor knew about Officer Grove does not suggest much more than that the government file contained a reference to Grove's monitoring of the call.

On the other hand, various government attorneys have repeatedly denied that any notes by Officer Grove were in the government file. If the Court were to conclude otherwise, then, it would have to say that these persons were lying or that the trial prosecutor destroyed the notes. The Court finds either of these possibilities highly unlikely, to say the least, and concludes that, assuming Officer Grove took the notes at all, they were not put in the government file. This totally undermines the petitioner's assertion that the notes would have demonstrated his innocence.

## B

The petitioner also argues that the testimony of Officer Grove himself, without the notes, would have demonstrated his innocence. In support of this, he notes that the trial prosecutor clearly knew that the policeman monitored the call, for that fact was undoubtedly in the government file; yet the prosecutor expressly denied that the call had been monitored.

At several different times, however, the prosecutor appeared to equate "recording" and "monitoring." His express denial, then, might well have stemmed from confusion over the definition of the word "monitor." In any event, there exists more compelling evidence about what Officer Grove might have testified to at trial. The policeman discussed what he had overheard with the FBI agent who testified at St. Lawrence's preliminary hearing. At the hearing, the agent related what Officer Grove had told him. The pertinent testimony is as follows:

\*     \*     \*     \*     \*     \*     \*

---

1. It appears that St. Lawrence could fairly easily have obtained a transcript of this testimony even before trial. But because the Court finds that the petitioner should not be given relief in any event, it need not determine what weight should be given to this fact.

Q. Has [Officer Grove] related to you the nature of [the July 24] phone call? Certain statements made by Mr. St. Lawrence.

A. Yes. He did.

Q. Would you tell us, please what those statements were?

A. [The complainant] received a call from an individual who identified himself as Johnnie, and said that he was calling in reference to the money owed to Mr. J. in New York, and that he was going to come over on Saturday, July 25th, and pick up the money. And [the complainant] advised him that he might be going out of town and would like to have him come over Friday evening.

\*   \*   \*   \*   \*   \*

[Transcript of Preliminary Hearing, at 30–31]

The complainant's testimony about the July 24 telephone conversation was, in pertinent part, as follows:

\*   \*   \*   \*   \*   \*

A. On July 24th, I received a phone call from a man about 7:20 P.M. I received a phone call from a man who gave his name as Johnnie.

\*   \*   \*   \*   \*   \*

A. He said that he wanted to come by to pick up a payment for Mr. J. And, of course, I explained to this Johnnie that I did not owe the money and he told me that he knew that I didn't owe it, but since I had paid the original thousand dollars that by doing that I assumed the entire debt, the $5,000 debt, and so I asked him was he a white man or black man. He said he was a white man. I asked him, "Well, what is you full name?" He said, "Well, just Johnnie." He said he would like to come by and pick up a payment tonight . . . that night.

\*   \*   \*   \*   \*   \*

[Transcript of Trial, at 93]

Although the two accounts certainly do not jibe precisely, nothing in the FBI agent's testimony suggests that St. Lawrence would have derived any material benefit from Officer Grove's testimony.[2]

### III

In sum, the petitioner has not produced sufficient evidence to show this Court that the jury's decision to convict him was clearly wrong. Therefore, the Court must deny the petition.

Accordingly, it is this 24th day of Feb., 1977,

ORDERED that the petitioner's request for a judgment of acquittal or for a new trial be, and the same hereby is, denied.

---

2. For the same reason, if the Court had found that Officer Grove had made notes of the telephone conversation, which were put in the government file, it would have found that the notes would likely not have been of benefit to the petitioner.