Leonardo SUBIAS, Petitioner–Appellant,

v.

Edwin MEESE, Attorney General of
the United States,
Respondent-Appellee.

No. 87–5589.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1987.

Decided Dec. 31, 1987.

John H. Messing, Tucson, Ariz., for petitioner-appellant.

Mark A. Byrne, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Before ANDERSON, BOOCHEVER and NOONAN, Jr., Circuit Judges.

## OPINION

J. BLAINE ANDERSON, Circuit Judge:

The substantial question in this case is whether federal court jurisdiction exists to review a habeas corpus petition under 28 U.S.C. § 2241 where the petitioner alleges detention in a foreign country.

## I.

Petitioner Leonardo Subias ("Subias") and five codefendants were indicted in 1980 in federal court in the Central District of California for conspiracy and aiding and abetting the sale of a controlled substance. Subias pled not guilty and was released on bond pending trial. When Subias failed to appear for trial, he was declared a fugitive. A bench warrant was issued, and Subias' bond was forfeited.

On March 6, 1986, Subias filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district court for the Central District of California. He alleged he was a citizen and resident of the Republic of Mexico and that prior to trial in 1980 he "disappeared involuntarily from the jurisdiction of the Court and was returned to Mexico where he has been detained in various institutions and at various times to the present." He also alleged he was "in custody by virtue of acts performed by and on behalf of the Respondent Attorney General." Finally, Subias alleged that the indictment in his underlying 1980 criminal case was defective for a number of reasons. He also moved for an order granting discovery which he alleged would clarify the events of his disappearance from this country.

The district court referred the matter to a magistrate under 28 U.S.C. § 636. The magistrate issued a report and recommendation that Subias's discovery request be denied and his habeas corpus petition dismissed for lack of jurisdiction. The district court adopted the magistrate's report and ordered the petition dismissed. Subias appeals dismissal of his petition. We affirm.

## II.

Subias argues his presence in Mexico is the result of involuntary removal from the United States by federal officers or federal officers acting in concert with Mexican authorities. His motion for discovery was to allow him to obtain information identifying

how and by whom he was removed from the United States. While it is unclear whether Subias is presently in custody, and therefore who his custodian is, Subias argues he is "in custody" for purposes of § 2241 because he is prohibited from entering the United States and he is therefore entitled to habeas relief.

## III.

We believe Subias has failed to establish proper jurisdictional facts. We agree the requirement of custody is broadly construed to include restriction from entry into the United States, since denial of entry amounts to a restraint on liberty. *See Jones v. Cunningham,* 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285 (1963) (custody includes an alien seeking entry into the United States, although the alien is free to go anywhere else in the world). *Cf. Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973); *Brownell v. Tom We Shung,* 352 U.S. 180, 183, 77 S.Ct. 252, 254, 1 L.Ed.2d 225 (1956).

 However, jurisdiction must exist over the prisoner's custodian. *Fest v. Bartee,* 804 F.2d 559, 560 (9th Cir.1986) ("The physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner"); *United States v. Giddings,* 740 F.2d 770, 772 (9th Cir.1984) ("a writ of habeas corpus can issue only from a court with jurisdiction over the prisoner or his custodian"). The reason jurisdiction over the custodian is required is that the custodian must be amenable to service of process and the powers of the court. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973). Without such jurisdiction, we have no authority to direct the actions of the restraining officials.

We find *Nguyen Da Yen v. Kissinger,* 528 F.2d 1194 (9th Cir.1975), distinguishable. First, *Nguyen Da Yen* involved a "unique lawsuit" concerning operation Babylift in which Vietnamese children were evacuated from Vietnam during the waning hours of the fall of Saigon. *Id.* at 1196. Second, the involuntary detention alleged occurred in this country. *Id.* at 1197. Also, the government agencies involved in *Nguyen Da Yen* had access to facts necessary to litigate the claims of illegal detention. *Id.* at 1204. Finally, and most importantly, the court noted that the district court's habeas jurisdiction was limited to children falling within the territorial jurisdiction of the Northern District. *Id.*

While Subias' petition alleges custody by virtue of the acts of the Attorney General, it does not presently appear he is being held by an American official. In fact, counsel for Subias conceded at oral argument that he has no idea exactly where Subias is presently located. Since Subias' custodian and whereabouts are unknown, jurisdiction is lacking.

## IV.

Subias failed to make a plausible showing that the district court had jurisdiction over his custodian. While Subias may be entitled to some form of relief under immigration, civil rights or other laws, a habeas corpus petition is the incorrect conduit by which to claim such relief.

Dismissal of Subias' § 2241 petition by the district court is AFFIRMED.