891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Connie EVERETT, Defendant-Appellant.
 No. 89-30089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1989.*
Decided Dec. 8, 1989.
 
 Before ALARCON, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Connie Mae Everett appeals pro se from the district court's denial of her 28 U.S.C. § 2241 habeas corpus petition in which she requested that the court give her full credit for time she spent on restricted bond as time served under 18 U.S.C. § 3585 (Supp.1989).
 
 
 3
 On January 27, 1988, Everett was indicted for possession of methamphetamine with intent to distribute. Everett was released on restricted bond from February 4, 1988 to August 8, 1988. The conditional release required that Everett report regularly to the probation agency, refrain from using controlled substances and excessive alcohol, submit to urinalysis testing and searches requested by probation officers, maintain her current address, maintain or seek employment, abide by all laws and appear in court when so directed.
 
 
 4
 Everett pleaded guilty to the charge and was sentenced by the United States District Court for the District of Oregon. On August 8, 1988, Everett voluntarily committed herself to the Geiger Correctional Center in Spokane, Washington. On December 27, 1988, Everett filed her habeas corpus petition in the United States District Court for the District of Oregon.
 
 
 5
 Everett contends that the district court erred in dismissing her petition. We disagree. A writ of habeas corpus can only issue from a court with jurisdiction over the prisoner or the prisoner's custodian.
 
 
 6
 A writ of habeas corpus "can issue only from a court with jurisdiction over the prisoner or his custodian." United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). Jurisdiction over the custodian is imperative because "the custodian must be amenable to service of process and the powers of the court." Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir.1987). Lacking such jurisdiction, the district court has no authority to direct the actions of the custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973); Subias 835 F.2d at 1289.
 
 
 7
 Everett was incarcerated in a correctional facility in the state of Washington at the time she filed her petition in the Oregon District Court. Despite the fact that the Oregon District Court imposed sentence on Everett, that court does not have jurisdiction to enforce a 28 U.S.C. § 2241 order because Everett is incarcerated in a federal prison outside of Oregon and the court lacks in personam jurisdiction over her custodian. The court must have this personal jurisdiction over the custodian in order to enforce its orders. Dunne v. Henman, 875 F.2d 244, 248 (9th Cir.1989). Because Everett filed her petition for a writ of habeas corpus in a district court which did not have jurisdiction over her or her custodian, the district court properly denied her petition. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3