Nos. 98–99035, 98–99036.

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel Jan. 6, 1999.

Decided Jan. 6, 1999.

Kelvin Shelby MALONE, Petitioner–Appellant,

v.

Arthur CALDERON, Warden of the California State Prison, San Quentin, Respondent,

State of Missouri, Intervenor–Appellee.

Kelvin Shelby Malone, Plaintiff–Appellant,

v.

Mel Carnahan, Governor of Missouri, Defendant–Appellee,

Peter Giannini, Los Angeles, California, for Petitioner–Appellant.

Stacy L. Anderson, Assistant Attorney General, Jefferson City, Missouri, for Intervenor–Appellee.

Garrett Beaumont, Deputy Attorney General, San Diego, California, for Respondent.

Before: BEEZER, KLEINFELD, and HAWKINS, Circuit Judges.

BEEZER, Circuit Judge.

Kelvin Shelby Malone is under sentence of death in California and Missouri. At present, Malone is in custody in Missouri. He is scheduled to be executed by the state of Missouri on January 13, 1999. We now consider Malone's motion for consolidation and emergency motion to stay the execution. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because we are reviewing the

denial of injunctive relief. *See Carson v. American Brands,* 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); *Calderon v. United States District Court,* 137 F.3d 1420, 1422 (9th Cir.1998). We deny the motion to consolidate and dismiss the motion to stay for lack of jurisdiction.[1]

## I

■ Malone petitioned for a writ of habeas corpus in the Central District of California. On July 1, 1998, the district court stayed "execution of the judgment and sentence of death in *People v. Malone,* San Bernadino [sic] Superior Court Case no. SCR–39154, and any proceedings related thereto, pending final disposition of this habeas action." *Malone v. Calderon,* No. CV–96–04040–WJR (C.D. Cal. July 1, 1998 order).[2] In November 1998, the district court in the Central District of California granted, and this court declined to stay, Missouri's motion for transfer of custody. Malone was transferred to Missouri on December 29, 1998.[3]

Malone filed a federal civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California. On November 23, 1998, the district court denied Malone's request for preliminary injunctive relief in the § 1983 case as to the Missouri execution date. A panel of this court affirmed the denial of injunctive relief and the denial of an emergency motion for a stay of execution on December 9, 1998.

On December 22, 1998, in both his habeas and section 1983 actions in the Central District of California, Malone filed identical emergency applications to stay his Missouri execution. The district court denied each application for injunctive relief on December 23, 1998. Malone filed a notice of appeal from each order on December 28, 1998. The district court granted a certificate of appealability on the specific issue of the stay of execution in the habeas and section 1983 actions. We now consider Malone's motion to consolidate the two appeals and emergency motion for a stay of execution.

## II

■ Malone urges the consolidation of his federal habeas and civil rights actions. At the outset, we question what remains of Malone's section 1983 claims. Malone's section 1983 challenges are based on Missouri's alleged promise that he could complete his sentence in California before being returned to Missouri. We previously concluded that Missouri never made any such promise. *See Malone v. Carnahan, Wilson, et al.,* No. 98–56905 (9th Cir. Dec. 9, 1998 order) ("Missouri never promised Malone that he could serve out his sentence in California."). Although Missouri's motion to dismiss Malone's section 1983 action has not yet been heard by the district court, it would appear that our December 9, 1998 order precludes Malone's section 1983 action in its entirety.

Even if some part of Malone's section 1983 action remains for decision, it would bear no relation to the current emergency motions now before us. Malone's most recent emergency motions in district court were identical. Each motion urges a stay of the Missouri execution in order to prevent Malone's challenges to his California convictions and his potential *Johnson v. Mississippi* claim[4] from becoming moot. Finally, we conclude that the risk of confusion of the issues inherent in consolidation of the habeas and civil

---

1. On December 30, 1998, both Malone and the State of Missouri moved for leave to file expanded briefs. We grant both motions.

2. For the first time on appeal, Malone contends that the district court's stay of the California execution prohibits Missouri from executing him before his federal habeas proceedings in California have concluded because the Missouri action is related to the California action. This contention is meritless. The district court expressly refused to stay Missouri's execution. *See Malone v. Calderon,* No. CV–96–04040–WJR (C.D. Cal. Dec. 23, 1998 order); *Malone v. Carnahan, et al.,*

No. CV–98–9387–WJR (C.D. Cal. Dec. 23, 1998 order).

3. Malone reportedly has not filed any papers in the state or federal courts of Missouri.

4. In *Johnson v. Mississippi,* 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), the Supreme Court held that invalidation of a conviction in one jurisdiction requires another jurisdiction to reconsider its sentence if that sentence was predicated in part on the conviction which has since been invalidated.

rights cases weighs against consolidation. We deny Malone's motion for consolidation.

## III

■ Federal courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The court issuing the writ must have personal jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Subias v. Meese*, 835 F.2d 1288, 1289 (9th Cir.1987). Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *See Subias*, 835 F.2d at 1289.

■ Malone contends that the All Writs Act, 28 U.S.C. § 1651, and the Anti–Injunction Act, 28 U.S.C. § 2283, provide a jurisdictional basis for the issuance of a stay of execution. Neither act would support our exercise of jurisdiction over the prison officials in Missouri. Contrary to Malone's argument, the All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists. *See Westinghouse Elec. Corp. v. Newman & Holtzinger*, 992 F.2d 932, 937 (9th Cir.1993) (citing *Stafford v. Superior Court*, 272 F.2d 407, 409 (9th Cir.1959)).

■ Malone insists that *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), created an exception to the Anti–Injunction Act for habeas petitions. On this basis, he argues, we may exercise jurisdiction over the Missouri officials. The Anti–Injunction Act prohibits federal courts from staying proceedings in state courts except when necessary to aid the court's jurisdiction or to protect or effectuate a judgment of the court. While the Anti–Injunction Act may not bar a federal court from granting injunctive relief in a habeas case, the Act does not create jurisdiction in cases where the petitioner would otherwise be without recourse.

■ Malone contends that Missouri consented to the district court's exercise of jurisdiction by virtue of its intervention in the California habeas case. Malone's argument fails to account for the limited purpose of Missouri's intervention. The governors of Missouri and California entered into an agreement providing for the immediate extradition of Malone to Missouri. However, the district court prohibited California from relinquishing petitioner without the court's approval. Missouri then moved to intervene "for the limited purpose of resolving Petitioner's custody status as it relates to the executive agreement and the [c]ourt's September 16, 1996 order." Points & Authorities In Support of Missouri's Motion to Intervene at 2, filed June 19, 1998, *Malone v. Calderon*, No. CV–96–04040–WJR (C.D.Cal.). Missouri intervened for a limited purpose and only after the district court prohibited Malone's transfer without the court's approval. We cannot exercise personal jurisdiction over the Missouri officials on the basis of Missouri's limited intervention in Malone's California habeas case.

Finally, Malone argues that federal courts in Missouri and California share concurrent jurisdiction over these cases. Even if they did, it would not authorize the exercise of personal jurisdiction by this court over Missouri prison officials.

■ Malone has failed to establish the jurisdictional facts that would enable us to consider his request for a stay of the Missouri execution. Our habeas corpus jurisdiction does not extend to officials outside the court's territorial limits. *See Schlanger v. Seamans*, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). In *Schlanger*, the Supreme Court addressed the question "whether any custodian, or one in the chain of command, as well as the person detained, must be in the territorial jurisdiction of the District Court" to establish a basis for habeas corpus jurisdiction. *Id.* at 489, 91 S.Ct. 995. The Court concluded that the absence of the custodian was "fatal to the jurisdiction of the Arizona District Court." *Id.* at 491, 91 S.Ct. 995.

■ The absence of Malone's Missouri custodians is fatal to the jurisdiction of the California District Court and this court. As we lack personal jurisdiction over Malone's Missouri custodians, we are without authority to enter the relief he requests. The motion for an emergency stay is dismissed.

GRANTED IN PART, DENIED IN PART AND DISMISSED IN PART.

MICHAEL DALY HAWKINS, Circuit Judge, concurring:

However one may have viewed Malone's *Johnson v. Mississippi* claim—and I for one thought it sufficiently colorable to permit a district court to hear it out before being rendered moot by his execution [1]—we passed through that gate when this court refused to stay Malone's transfer to Missouri authorities. Now that he is there, we have, as the opinion quite properly points out, no jurisdiction over either Malone, his custodian, or the courts of the Eight Circuit so as to grant the relief he seeks.

---

1. I read *Johnson* to require the sentencing court to re-visit the issue where the original sentence was based, even in part, on a conviction which is later invalidated. 486 U.S. at 584–85, 108 S.Ct. 1981. Although success in his California habeas proceeding would still leave a separate aggrava-ting circumstance (murder for pecuniary gain) in place, the Missouri Supreme Court appears not to have passed on the validity of that aggravating factor in upholding Malone's death sentence. *See State v. Malone,* 694 S.W.2d 723, 727–28 (Mo.1985).