**SALEH, et al., Plaintiff,**

v.

**TITAN CORPORATION, et al., Defendant.**

**No. 04CV1143R (NLS).**

United States District Court, S.D. California.

Dec. 30, 2004.

Susan L. Burke, Jonathan H. Pyle, Montgomery McCracken Walker and Rhoads, Philadelphia, PA, William J. Aceves, Law Office of William J. Aceves, San Diego, CA, Shereef Hadi Akeel, Melamed Dailey and Akeel, Huntington Woods, MI, for Plaintiffs.

William E. Grauer, Cooley Godward, San Diego, CA, Randy H. McMurray, Cochran Cherry Givens and Smith, Los Angeles, CA, Hezekiah Sistrunk, Jr., The Cochran Firm, Craig T. Jones, Roderick E. Edmond, Edmond and Jones, Atlanta, GA, L. Palmer Foret, Law Firm of L. Palmer Foret, Chevy Chase, MD, Ari S. Zymelman, Joseph E. Fluet, III, Francis Q. Hoang, F. Greg Bowman, F. Whitten Peters, Williams and Connolly, Washington, DC.

· Adam L. Rosman, Zuckerman Spaeder, John F. O'Connor, J. William Koegel, Jr., Steptoe and Johnson, Washington, DC, Raymond J. Coughlan, Jr., Coughlan Semmer and Lipman, Christopher Q. Britton, Ferris and Britton, San Diego, CA, Elaine C. Lippmann, Henry E. Hockeimer, Jr., Hangley Aronchick Segal and Pudlin, Philadelphia, PA, for Defendants.

## ORDER DENYING MOTION TO ENJOIN DUPLICATIVE ACTION

RHOADES, District Judge.

### I.  Introduction

Plaintiffs move for an order enjoining a subsequently-filed action brought by individuals who are putative class members in the present action. For the reasons set forth *infra,* the motion is denied.

### II.  Factual Background

Plaintiffs bring this action on behalf of themselves and others who have been detained in Iraqi prisons under the control of the United States. Plaintiffs seek to challenge, in the context of a class action, abuses which they contend have occurred in such prisons. Although a motion for certification has been filed in the present action, it is not fully briefed and has yet to be heard. Subsequent to the filing of the present action, five individuals brought a separate suit on their own behalf in the United States District Court for the District of Columbia challenging these same alleged abuses. This subsequently-filed action, which is not a proposed class action, is hereby referred to the *"Ibrahim* action," and the plaintiffs in that action are referred to as the *"Ibrahim* plaintiffs." There appears to be no dispute that the *Ibrahim* plaintiffs fit within the definition of the class proposed in the present case and, therefore, are putative class members in the present action.

Plaintiffs here seek to enjoin the *Ibrahim* plaintiffs from litigating their own action until this court decides plaintiffs' pending motion for class certification in the present case. According to plaintiffs, the requested injunction is appropriate for numerous and varied reasons, including (1) to avoid "wasting judicial resources"; (2) "to avoid the possibility of inconsistent results for the same plaintiffs" and to "prevent the possibility that inconsistent adjudications on the essentially identical motions to dismiss will result in protracted litigation"; (3) to avoid interference with this court's "ability to manage properly and efficiently a complex litigation involving critical human rights issues"; (4) to ensure that the *Ibrahim* plaintiffs receive adequate notice of this action so that this court is not required to deal with the various issues plaintiffs envision arising should the *Ibrahim* plaintiffs later attempt to join this action on the ground that their decision to opt out of this action, should it be certified as a class action, was not fully informed; and (5) to ensure that plaintiffs in the present case are not deprived of their right to choose their forum. *See* Memo. of Points and Authorities in Support of Motion to Enjoin Duplicative Action at 3:4–7; Reply in Opposition to Plaintiffs' Motion to Enjoin Duplicative Action at 1:15–17; Transcript of November 22, 2004 Motion Hearing at 13:16–22; 26:16–20.

The court need not determine whether, under other circumstances, an injunction would be warranted for the reasons proffered by plaintiffs because, as set forth *infra*, the court does not have the authority to enjoin the *Ibrahim* plaintiffs.

### III. Analysis

▮▮▮ Plaintiffs are asking the court to take the extraordinary step of enjoining an action in another district. As the Ninth Circuit has explained, "[w]hen an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunction should be granted *only in the most unusual cases.*" *Bergh v. State of Washington,* 535 F.2d 505, 507 (9th Cir.1976) (emphasis added); *see also Del Mar Avionics v. Quinton Instruments Co.,* 645 F.2d 832, 836 (9th Cir.1981) ("[A]s a matter of comity, a federal court injunction against proceedings in another federal court *will rarely be granted* ....") (emphasis added). Moreover, as will be discussed *infra,* plaintiffs' request is all the more extraordinary because plaintiffs are asking this court to enjoin parties who are not parties to the present action.

In support of their motion, plaintiffs invoke both the All Writs Act, codified at 28 U.S.C. § 1651, and the "first-to-file" rule. The All Writs Act and the "first-to-file" rule are separate sources of authority pursuant to which federal courts have enjoined federal litigation. The All Writs Act allows a district court to "issue all writs necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651(a). Federal courts have, on occasion, invoked the All Writs Act when enjoining an action filed in another federal forum where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained ...." *United States v. New York Tel. Co.,* 434 U.S. 159, 172, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). The "first-to-file" rule, on the other hand, is a doctrine of federal comity. *See Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–5 (9th Cir.1982) (characterizing the "first-to-file" rule as a "doctrine of federal comity"); *Church of Scientology of California v. United States Dept. of Army,* 611 F.2d 738, 749 (9th Cir.1979) (same); *Barapind v. Reno,* 72 F.Supp.2d 1132, 1145 (E.D.Cal.1999) ("The first to file doctrine of federal comity permits a district

court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."). Like the All Writs Act, the "first-to-file" rule has, on occasion, been employed as a basis for enjoining an action in a federal forum.

The court will consider the applicability of each of these doctrines here.

### 1. "First–to–File" Rule

Although plaintiffs cite out-of-circuit authority for the proposition that the "first-to-file" rule applies when the second action involves either the same parties *or* the same issues as the first action, a careful reading of those cases reveals that they do not so hold. Moreover, in any event, Ninth Circuit case law clearly holds that the "first-to-file" rule "may be invoked 'when a complaint involving the same parties *and* issues has already been filed in another district.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991) (quoting *Pacesetter Systems, Inc.*, 678 F.2d at 95) (emphasis added); *see also Cedars–Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir.1997) (explaining that the "first-to-file" rule applies in "cases involving the same parties *and* issues") (emphasis added). In other words, the "first-to-file" rule is only applicable where the court has jurisdiction "over all parties involved." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843–4 (9th Cir.1986). Thus, the court turns to the issue of whether the *Ibrahim* plaintiffs are parties to this action over which the court has jurisdiction.

Although plaintiffs contend that the *Ibrahim* plaintiffs "are not strangers to the court"[1] because they are putative class members, as noted, the issue is whether the court has jurisdiction over the *Ibrahim* plaintiffs such that it has the authority to enjoin them from bringing their own individual action prior to resolution of the certification issue in the present action. Plaintiffs have failed to demonstrate that the court has such jurisdiction over the *Ibrahim* plaintiffs. Although plaintiffs suggest that, pursuant to *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir.1989), putative class members should be treated as parties actually before the court for purposes of the issuance of an injunction, the holdings of these cases are not so broad.

In *American Pipe*, the Supreme Court simply held that the filing of a class action tolls the statute of limitations on all individual claims covered by the class action. Nothing in *American Pipe* suggests that a putative class member can be treated as a party before the court for the purpose of enjoining a subsequently-filed action brought by that individual.

Although the Ninth Circuit in *Diaz* approved of the general view that "cases containing class allegations be treated as class actions until they are either certified or refused certification," this statement is not a statement that a district court has jurisdiction over putative class members for purposes of enjoining them from pursuing a separate, individual action. Rather, this statement was made in the context of a discussion regarding whether Rule 23(e), which requires notification regarding a proposed resolution of class claims, applies pre-certification. As the Ninth Circuit noted, the majority approach is that "during the interim between filing and certification, a court must assume *for purposes of dismissal or compromise* that an action containing class allegations is really a class action." *Diaz*, 876 F.2d at 1408 (emphasis added). The holding of *Diaz* is

---

**1.** November 22, 2004 Transcript at 12:22–23.

not, as plaintiffs appear to suggest, that the court has jurisdiction over putative plaintiffs as it does named plaintiffs; rather, the holding of *Diaz* is that the notice requirement of Rule 23(e) applies prior to the dismissal of a purported class action that has not been certified, in part because courts have determined that for purposes of dismissal or compromise a purported class action should be treated as a class action.

Given the distinctly different issues raised in *American Pipe* and *Diaz,* the court finds these cases are not persuasive authority, let alone controlling authority, in support of plaintiffs' position that the *Ibrahim* plaintiffs are parties to this action such that this court has jurisdiction to enjoin the *Ibrahim* plaintiffs from bringing their own action in another district. In contrast, the case of *Zepeda v. United States Immigration and Naturalization Serv.,* 753 F.2d 719 (9th Cir.1983) is particularly instructive here.

In *Zepeda,* a class action complaint was filed seeking injunctive and monetary relief arising out of actions taken by the Immigration and Naturalization Service ("INS"). Prior to certification, the individual named plaintiffs sought and obtained on behalf of the class a preliminary injunction against the INS. On appeal, the Ninth Circuit vacated and remanded on the ground that the scope of the injunction was too broad. It explained that on remand, the injunction "must be limited to apply only to the individual plaintiffs unless the district judge certifies a class of plaintiffs." *Zepeda,* 753 F.2d at 727. The Ninth Circuit explained that "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and

subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Id.* The Ninth Circuit went on to note:

> Under Federal Rule of Civil Procedure 65(d), an injunction binds only *"the parties to the action,* their officers, agents, servants, employees, and attorneys, and ... those persons in active concert or participation with them who receive actual notice of the order ...." *The district court must, therefore, tailor the injunction to affect only those persons over which it has power.*

*Id.* (emphasis added). Thus, the Ninth Circuit explained that, on remand, the injunction "must be limited to apply only to the individual plaintiffs unless the district judge certifies a class of plaintiffs." *Id.*

Clearly, the Ninth Circuit in *Zepeda* concluded that putative class members are not parties to an action prior to class certification. Moreover, the Ninth Circuit in *Zepeda* made clear that where an action has not been certified as a class action, a district court may not issue an injunction as to putative class members *even where, unlike here, the injunction is sought for their benefit.* See also Nat'l Center for Immigrants Rights, Inc. v. Immigration and Naturalization Serv.,* 743 F.2d 1365, 1371 (9th Cir.1984) ("INS asserts that in the absence of class certification, the preliminary injunction may properly cover only the named plaintiffs. We agree."). Because, as putative class members, the *Ibrahim* plaintiffs are not parties to the present action over which the court has jurisdiction, and because there is no other basis for asserting jurisdiction over the *Ibrahim* plaintiffs,[2] the court does not have

---

**2.** There is no dispute that the *Ibrahim* plaintiffs do not have the requisite minimum contacts with this forum that would allow the exercise of personal jurisdiction over them. Moreover, the *Ibrahim* plaintiffs withdrew

their motion for leave to intervene prior to the court ruling on that motion. Therefore, there is no basis for concluding that the *Ibrahim* plaintiffs have consented to this court's jurisdiction.

jurisdiction over "all parties" as would be needed to enjoin the *Ibrahim* plaintiffs pursuant to the "first-to-file" rule. *See Decker Coal,* 805 F.2d at 843–4 (concluding that the first-to-file rule was applicable because the court had jurisdiction over all of the parties); *see also Cedars–Sinai Medical Center,* 125 F.3d at 769 (explaining that the "first-to-file" rule is applicable where the parties in both actions are the same); *Alltrade, Inc.,* 946 F.2d at 625 (same); *Pacesetter Systems, Inc.,* 678 F.2d at 95 (same).

The foregoing notwithstanding, although not specifically addressing the "first-to-file" rule, the Supreme Court in *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) did reject a proposed brightline rule that "before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two cause of action must be shown to be the same and the issues identical." *Id.* at 254, 57 S.Ct. 163. The Court explained that such a brightline rule would be "too mechanical and narrow" and that "[o]ccasions may arise when it would be 'a scandal to the administration of justice' ... if power to coordinate the business of the court efficiently and sensibly were lacking altogether." *Id.* at 255, 57 S.Ct. 163. These statements must, however, be considered in context.

In *Landis,* two different utility companies filed suit against the attorney general, members of the SEC, and the Postmaster General ("the defendants") in the District of Columbia on the ground that a particular statute was unconstitutional.[3] Similar suits had been filed by other utility companies in the District of Columbia as well as other districts. Almost simultaneously, the SEC filed a bill of complaint in the Southern District of New York compelling other utility companies to comply with the statute. Citing the need for an orderly and economical deposition of the controversy, the defendants in *Landis* moved to stay *Landis* until the resolution of the suit brought by the SEC in the Southern District of New York. The district court granted the motion. The Supreme Court set forth the test for determining whether the stay was appropriate. As Justice Cardozo explained on behalf of the Court:

> [T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255, 57 S.Ct. 163. The Court then remanded the case to the district court to apply the test to the facts in the first instance.

The critical distinction between *Landis* and the present case is that in *Landis* the district court was being asked to stay its own action and enjoin its own plaintiffs at the request of the defendants in that action. Thus, unlike here, the district court had jurisdiction over the parties subject to the injunction. *Landis* is not authority for the proposition that a district court may enjoin an action in another federal forum brought by parties who are not parties in a case before that court.

### B. The All Writs Act

▆▆▆ The All Writs Act, codified at 28 U.S.C. § 1651, provides in relevant part that "all courts established by Act of Congress may issue all writs necessary or

---

**3.** Technically, the two utility companies brought two separate actions in the District of Columbia. However, these cases were treated as one case on appeal and will be referred to as a single case here to avoid confusion.

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred on a federal court under the All Writs Act must be exercised with caution and restraint." *Peters v. Brants Grocery*, 990 F.Supp. 1337, 1342 (M.D.Ala.1998); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir.1983) (affirming an order enjoining relitigation of issues pursuant to the All Writs Act because of unique factors present in the case but noting that the use of such injunctions can "pose[ ] a disturbing problem for our system of justice"); *St. Lawrence v. United States*, 427 F.Supp. 821, 822 (D.D.C.1977) ("Writs under § 1651 are issued only in extraordinary circumstances."). Importantly, the All Writs Act is not a grant of jurisdiction. *See Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir.1999) ("Contrary to Malone's argument, the All Writs Act does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists."); *Stafford v. Superior Ct.*, 272 F.2d 407, 409 (9th Cir.1959) ("The All Writs Act … does not operate to confer jurisdiction … since it may be invoked by a district court only in aid of jurisdiction which it already has."); *see also Lights of America, Inc. v. United States Dist. Court for Cent. Dist. of Cal.*, 130 F.3d 1369, 1370 (9th Cir.1997) (citing *Stafford* ). As the Ninth Circuit has explained:

> The All Writs Act "is not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." An order is not authorized under the Act unless it is designed to preserve jurisdiction that the court has acquired from some other independent source in law.

*Doe v. Immigration and Naturalization Serv.* 120 F.3d 200, 204 –205 (9th Cir.1997) (quoting *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir.1993) (citation omitted)).

As a preliminary matter, the court must determine whether it has the authority under the All Writs Act to enjoin the *Ibrahim* plaintiffs because, as explained *supra*, the *Ibrahim* plaintiffs are not parties to this action for purposes of the issuance of the requested injunction. The Ninth Circuit has on at least one occasion concluded that the All Writs Act does not empower a court to issue an injunction against a non-party. *See Malone*, 165 F.3d at 1237 (noting that the All Writs Act would not permit the Ninth Circuit's exercise of jurisdiction over a Missouri prison by means of the issuance of a stay of execution). Moreover, the Third Circuit has concluded that district courts are without authority to enjoin putative class members from pursuing separate lawsuits in other forums pursuant to the All Writs Act and the Anti–Injunction Act where the class members were not allowed to opt out, had not consented to the court's jurisdiction, and did not have minimum contacts with the forum. *See, e.g., Carlough v. Amchem Products, Inc.*, 10 F.3d 189, 199–200 (3d Cir.1993) (holding that district court was without authority to enjoin parallel class action litigation by putative class members in state court pursuant to the All Writs Act and Anti–Injunction Act prior to the giving of notice and commencement of the opt-out period where the putative class plaintiffs had not consented to the court's jurisdiction and did not have minimum contacts with the forum); *In re Real Estate Title and Settlement Services Antitrust Litigation*, 869 F.2d 760 (3d Cir. 1989) (holding that class members whose motion to opt out of class action for damages and injunction relief was denied could not be enjoined from pursuing damages action in state court where the class members did not have minimum contacts with the forum and had not consented to jurisdiction). The holdings of *Carlough* and *In Re Real Estate Title* are consistent with

*Zepeda,* discussed *supra,* a case which, although not involving the All Writs Act, is authority for the proposition that a district court must have jurisdiction over putative class members in order to issue an injunction effecting them.

Finally, although the Supreme Court has carved out a limited exception to the general rule that federal courts cannot issue an injunction pursuant to the All Writs Act against a non-party, such exception is not applicable here. As explained in *New York Tel. Co.,* "[t]he power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice ...." 434 U.S. at 174, 98 S.Ct. 364. Thus, in *New York Tel. Co.,* the Supreme Court held that a district court that had issued an order pursuant to Fed.R.Crim.P. 41 granting a wiretap and authorizing the use of pen registers to investigate certain offenses could direct a telephone company to provide federal law enforcement officials the facilities and technical assistance necessary for the implementation of the order authorizing the use of pen registers. However, plaintiffs here have failed to demonstrate that the requested injunction against the *Ibrahim* plaintiffs is appropriate pursuant to the rationale of *New York Tel. Co.* because plaintiffs have failed to demonstrate that the requested injunction is required to preclude the *Ibrahim* plaintiffs from "frustrat[ing] the implementation of a court order or the proper administration of justice." *New York Tel. Co.,* 434 U.S. at 174, 98 S.Ct. 364.

First, the court has yet to issue an order, the implementation of which would be frustrated absent the requested injunction. Second, plaintiffs have failed to demonstrate that, absent the requested injunction, the maintenance of the *Ibrahim* action would frustrate "the proper administration of justice." Although plaintiffs cite concerns regarding inconsistent judgments being entered in the two cases, plaintiffs have failed to demonstrate that any order or judgment issued in the *Ibrahim* action, which is not a class action, would have any type of preclusive effect detrimental to plaintiffs in the present action. Similarly, plaintiffs have failed to demonstrate that they could be deprived of their right to litigate in the forum of their choice if the *Ibrahim* action is not stayed pending a ruling on the class certification issue in this case. Moreover, the court need not determine whether, in fact, a stay of the *Ibrahim* action until the certification motion is ruled on in this case would conserve judicial resources, a proposition that is questionable at best, because the "wasting" of judicial resources does not equate with the frustration of justice.[4]

## IV. Conclusion

This court does not have the authority to enjoin putative class members from pursuing a subsequently-filed non-class action in another federal forum where (1) the present action has not yet been certified as a class action and, therefore, there has been no opportunity for the putative class members to opt out; (2) the putative class members do not have minimum contacts with the forum so as to subject them to

---

**4.** In any event, the Supreme Court's pronouncement that an injunction may issue against a nonparty where the nonparty is in a position to "frustrate ... the administration of justice" must be considered in conjunction with the language of the All Writs Act itself,

which requires that any order be "in aid of" the court's jurisdiction. An injunction entered in order to avoid duplication of judicial effort is not an order within the meaning of the All Writs Act.

jurisdiction; and (3) there is no basis for concluding that the putative class members have consented to this court's jurisdiction. Accordingly, plaintiffs' Motion to Enjoin Duplicative Action is **denied**.

**IT IS SO ORDERED.**