

Villanova University School of Law Digital Repository

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# Gabriel Jennings v. Ronnie Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Gabriel Jennings v. Ronnie Holt" (2009). *2009 Decisions.* Paper 1391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-149                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4594
_____

GABRIEL JENNINGS,
                                        Appellant

v.

RONNIE R. HOLT, WARDEN;
ALBERTO GONZALEZ,
U.S. ATTORNEY GENERAL, ET. AL.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03852)
District Judge:  Honorable John P. Fullam

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 2, 2009
Before:  RENDELL, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed: May 7, 2009 )
_____

OPINION
_____

PER CURIAM

        Gabriel Jennings appeals pro se from the District Court's orders dismissing his

petition filed pursuant to 28 U.S.C. § 2241 and denying his motions for reconsideration

and to set status conference. For the reasons that follow, we will dismiss the appeal.

I.

In 1991, Jennings was convicted in the United States District Court for the Eastern District of Pennsylvania of arson (pursuant to 18 U.S.C. § 844(i)), in addition to other drug-related and conspiracy offenses.

His convictions and sentence were affirmed on direct appeal. After his first § 2255 motion was denied in 1993, Jennings received authorization from this Court in 1997 to file a second or successive § 2255 motion. See C.A. 93-1120; C.A.. No. 97-8004. The District Court granted in part Jennings's § 2255 motion, vacated his firearm convictions under United States v. Bailey, 516 U.S. 137 (1995), and vacated his conviction for engaging in a continuing criminal enterprise under Rutledge v. United States, 517 U.S. 292 (1996). On appeal, this Court declined to issue a certificate of appealability. See C.A. No. 98-1352.

Jennings then filed a petition for writ of habeas corpus pursuant to § 2241 in the United States District Court for the District of Colorado, which denied the petition. In January 2001, Jennings filed a § 2244 application in this Court, seeking permission to file a successive § 2255 motion based on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 529 U.S. 848 (2000). We denied Jennings's application "without prejudice to his right to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction under 18 U.S.C. § 844(i), in light of Jones v. United

2

States, 120 S. Ct. 1904 (2000), in the District Court in the district of his confinement." See C.A. No. 00-4257.

In June 2001, Jennings, who was incarcerated in Pollock, Louisiana, filed a § 2241 petition in the United States District Court for the Western District of Louisiana, raising his Apprendi and Jones claims. The District Court transferred Jennings's petition to this Court for authorization pursuant to §§ 2244 and 2255. In September 2001, we denied Jennings's application, again noting that the application was denied without prejudice to re-filing "in the District Court in the district of his confinement, pursuant to 28 U.S.C. § 2241." See C.A. No. 01-2887.

Jennings re-filed his § 2241 petition in the United States District Court for the District of Louisiana, which dismissed the petition with prejudice, holding that Jennings did not demonstrate that § 2255 was inadequate or ineffective and that, therefore, his application could not be heard under § 2241. The Fifth Circuit Court of Appeals affirmed.

In August 2003, Jennings returned to this Court, once again seeking authorization pursuant to 28 U.S.C. §§ 2244 and 2255. He reiterated his Jones claim, in addition to other claims regarding his sentencing and ineffective assistance of counsel. We denied Jennings's request to file a second or successive motion because he not meet the criteria prescribed by 28 U.S.C.§§ 2244 and 2255. The order noted that the "denial of relief is without prejudice to Jennings seeking a writ of error coram nobis in the district court in

3

which he was convicted on the basis of Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000)." See C.A. 03-3251. It is unclear from the record before us whether he filed such a petition.

In September 2007, Jennings, who was imprisoned at that time at USP – Canaan in Waymart, Pennsylvania, filed a § 2241 petition in the United States District Court for the Eastern District of Pennsylvania. Jennings argued that the basis for his petition was that his conviction under 18 U.S.C. § 844(i) was void in light of Jones. In Jones, the Court held that a defendant could not be convicted for violating 18 U.S.C. § 844(i) unless the property was currently used in commerce or in an activity affecting commerce. Jones, 529 U.S. at 859. According to Jennings, the arson for which he was convicted under § 844(i) involved a personal residence and, therefore, he was convicted of a non-existent crime.

The District Court concluded that because Jennings sought to have his sentence voided and be released from custody, he should seek relief via 28 U.S.C. § 2255 rather than § 2241; and because he had already filed such a motion, he could not do so again without first obtaining permission from this Court. Jennings filed a motion for reconsideration, which the District Court denied, noting: "To the extent that Plaintiff seeks to file a petition under 18 U.S.C. § 844(i), he must do so in the district of his confinement, pursuant to 28 U.S.C. § 2241." Jennings appeals.

4

II.

We have jurisdiction under 28 U.S.C. § 1291.  Because Jennings is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B) if it is legally frivolous.

A § 2241 petition must be filed in the district where the petitioner is confined.  28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.")  When he filed his petition, Jennings was housed at USP Canaan in Waymart, Pennsylvania, which is in the Middle District of Pennsylvania.[1]  Despite being repeatedly advised by us that any § 2241 petition he may wish to file should be filed in the district of his confinement, he filed it in the Eastern District.  Thus, the District Court lacked jurisdiction and properly dismissed Jennings's petition and denied his motion for reconsideration.  Accordingly, we will dismiss the appeal pursuant to § 1915(e)(2)(B).

---

[1] On March 20, 2009, Jennings filed a notice of change of address advising the District Court that he was now housed in USP Atlanta in Atlanta, Georgia.