BLD-082                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1826
_____

ALGERNON TOOLE,
                    Appellant

v.

WARDEN MCKEAN FCI;
ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-17-cv-00236)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 24, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit Judges</u>

(Opinion filed: February 7, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Algernon Toole is a federal prisoner serving concurrently running sentences of 235 months' incarceration as a result of two conspiracy convictions. Toole appeals the District Court's dismissal of his habeas petition under 28 U.S.C. § 2241, in which he claimed that his "judgement of commitment does not match with what [the] jury foreman state[d] during the reading of the verdict."[1]

The District Court dismissed the petition for lack of jurisdiction, reasoning that Toole had already sought post-conviction relief under 28 U.S.C. § 2255,[2] that subsequent collateral attacks usually need pre-authorization from a court of appeals,[3] and that Toole's petition under § 2241 did not satisfy the limited exception from pre-authorization found in § 2255(e)'s "saving clause," insofar as Toole alleged neither factual innocence nor a prior inability to raise his current claim.[4] The District Court determined as well that Toole was not challenging the Bureau of Prison's "carrying out"—its "execution"—of his sentence, which could have been a permissible use by Toole of § 2241.[5]

---

[1] ECF No. 1, p. 4.

[2] See United States v. Toole, Nos. 06-CR-6024L, 13-CV-6144L, 2014 WL 1117833 (W.D.N.Y. Mar. 19, 2014).

[3] See 28 U.S.C. §§ 2255(h) and 2244(b).

[4] See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (explaining that Circuit precedent—specifically, In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)—permits access to § 2241 via § 2255(e) by a federal inmate who presents an actual innocence theory based on a "a change in statutory caselaw that applies retroactively in cases on collateral review," so long as that inmate "had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued").

[5] Cf. Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (explaining that a challenge to the execution of one's sentence, under § 2241, requires allegations that the BOP's conduct is inconsistent with a command or recommendation in the sentencing judgment).

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a),[6] and our review is de novo.[7] Toole need not obtain a certificate of appealability to proceed with this appeal.[8]

For substantially the reasons given in its opinion, the District Court did not err in dismissing Toole's § 2241 petition for lack of jurisdiction. We have held that "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."[9]

---

[6] The Government has filed a motion to dismiss, arguing that Toole's transfer from FCI-McKean in Pennsylvania to FCI-Terre Haute in Indiana during the pendency of the appeal has impaired this Court's "jurisdiction." Gov't Mot. at ¶7. The Government's motion will be denied at the conclusion of this opinion. As a preliminary matter, it does not appear that the Government applied "for permission to transfer [Toole] among federal facilities while his appeal was pending in this Court as required by Federal Rule of Appellate Procedure 23(a)." Griffin v. Ebbert, 751 F.3d 288, 290 n.1 (5th Cir. 2014). A similar circumstances presented itself in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), where this Court found persuasive out-of-circuit precedent holding that jurisdiction over a § 2241 petition "is determined when the petition was filed," and where we noted as well that "in the absence of an application for transfer pursuant to Rule 23(a), jurisdiction is retained and [the originally named respondent] remains the respondent" notwithstanding a transfer of the inmate-petitioner. Id. at 477 n.1.

Toole filed his habeas petition in the same judicial district in which he was being held in custody: the Western District of Pennsylvania. That was the jurisdictionally correct thing to do, and Toole's case is thus readily distinguishable from the unpublished one on which the Government appears to rely. See Gov't Mot. at ¶7 (citing Jennings v. Holt, 326 F. App'x 628 (3d Cir. 2009) (per curiam)). In Jennings, the petitioner errantly filed his § 2241 petition in the Eastern District of Pennsylvania, where he was convicted, rather than the Middle District of Pennsylvania, where he was then confined; we thus agreed with the district court in that case that dismissal of the petitioner's habeas petition was proper. See 326 F. App'x at 630. No such (jurisdictionally significant) filing error is present here. Accordingly, we have jurisdiction over this appeal.

[7] See Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 276 (3d Cir. 2018).

[8] See Bruce, 868 F.3d at 177.

[9] Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (quoting § 2255(e)).

3

A § 2255 motion is not "inadequate or ineffective" merely because the inmate cannot comply with the AEDPA-imposed restrictions on collateral attacks.[10] Here, Toole has not shown that § 2255 is "inadequate or ineffective," under Dorsainvil as described in Bruce, or otherwise.

As this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.[11] The Government's motion to dismiss the appeal is denied.

---

[10] See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102-03 (3d Cir. 2017).

[11] See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).