Henry LEE, Sr.

v.

Monica WETZEL, Warden, Federal
Prison Camp, Pensacola,
Florida.

No. CIV. A. 99–781.

United States District Court,
E.D. Louisiana.

May 20, 1999.

Henry Lee, Sr. pro se.

Michael P. Finney, Assistant U.S. Atty.,
Pensacola, FL, for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Henry Lee filed an application for a writ of habeas corpus under 28 U.S.C. § 2241 in the Northern District of Florida, where he is imprisoned. That court transferred the petition to this court where Lee was tried and sentenced in the interest of economy. Lee asks the court to vacate his conviction and 60–month sentence under 18 U.S.C. § 924(c)(1) for using a firearm in connection with a drug trafficking crime. Lee contends that in light of *Bailey v. U.S.*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), he did not violate § 924(c).

*Bailey* was decided after Lee's conviction, appeal, and first motion under § 2255. In *Bailey*, the Supreme Court clarified the definition of "using" a firearm to provide a more narrow standard than the prevailing standard in the Fifth Circuit. The Court held that a defendant could not be convicted of using a firearm under § 924(c)(1) unless the defendant "actively employed the firearm during and in relation to the predicate crime." *Bailey*, 116 S.Ct. at 509. This includes "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at 508. Lee claims that there was no evidence to show that he actively employed a firearm and therefore, he is imprisoned for conduct that is not illegal.

Before addressing whether Lee is actually innocent of the crime in § 924(c), threshold issues to be addressed are: (1) whether this court can entertain the § 2241 petition when Lee is incarcerated in Florida; and (2) whether Lee is entitled to bring a § 2241 petition after he filed a prior unsuccessful motion under 28 U.S.C. § 2255, when there is an intervening decision of the Supreme Court that changes the law under which the defendant was convicted.

The Northern District of Florida appears to have answered these questions in the affirmative when it denied the government's motion to dismiss Lee's petition and transferred it to this court. *See* Order of the Honorable Lacey Collier entered March 8, 1999 adopting the Magistrate Judge's recommendation. This court is in agreement with the decision of the Northern District of Florida, but makes the following findings and reasons in view of the fact that there are no decisions on point in this circuit.

## I. Procedural Background

In 1989, a jury convicted Lee of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Lee received a sentence of 210 months imprisonment on the possession and conspiracy convictions, and a consecutive 60 months imprisonment on the firearm charge. Lee appealed, raising among other issues, the impropriety of his conviction under § 924(c)(1). The Fifth Circuit affirmed the conviction and sentence on May 31, 1991. *See U.S. v. Johnson,* 934

F.2d 1262, *cert. denied,* 502 U.S. 897, 112 S.Ct. 272, 116 L.Ed.2d 224 (1991).

After his conviction was affirmed on appeal, the parties entered a stipulation that Lee was not a career offender. The court resentenced Lee to 92 months for the possession and conspiracy convictions, and 60 months for the firearm charge, running consecutively.

Lee filed his first motion for relief under § 2255 in 1992, pre-*Bailey,* and did not raise any challenge to the firearm charge. This court denied his petition, and the Fifth Circuit affirmed.

Lee filed his second motion under § 2255 in 1996, five months after the United States Supreme Court decided *Bailey.* Lee argued that under *Bailey,* he was innocent of the firearm charge. This court denied the writ without prejudice as a successive petition for failure to obtain the requisite certification from the Fifth Circuit Court of Appeals that the petition is based on newly discovered evidence or a new rule of constitutional law.[1] The Fifth Circuit dismissed Lee's subsequent appeal for untimeliness.

In 1997, Lee filed his first petition for habeas corpus relief under 28 U.S.C. § 2241. This court granted the government's unopposed motion to dismiss for lack of venue because Lee was incarcerated at that time in another district.

On May 18, 1998, the Fifth Circuit denied Lee's request for certification to file a successive § 2255 motion challenging the firearm conviction under *Bailey.* The Fifth Circuit stated:

Because Lee has failed to make a prima facie showing that his second § 2255 motion contains either newly discovered

---

1. The Antiterrorism and Effective Death Penalty Act of 1996 amended § 2255 to provide that before a successive § 2255 motion may be considered by the district court, it must be certified by a three-judge panel of the court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, his motion is DENIED.

*See* Rec. Doc. No. 203.

On July 8, 1998, Lee filed a petition for writ of error coram nobis, again challenging as unlawful his conviction on the firearm charge. This court denied the petition on the ground that Lee could not meet the threshold requirement for filing a writ of error coram nobis, that is, completion of his sentence and release from custody.

Lee filed a second petition for writ of error coram nobis on August 5, 1998, which this court also denied for failure to satisfy the threshold requirement.

On October 28, 1998, Lee properly filed the present petition for habeas corpus relief under 28 U.S.C. § 2241 in the Northern District of Florida where he is incarcerated. The Northern District transferred the petition to this court in the interest of economy. Before it transferred, however, it addressed the government's motion to dismiss on the ground that Lee's petition is procedurally barred as successive. In denying the motion to dismiss the court stated:

> Although this issue has not yet been addressed in this circuit, other courts of appeal have held that in this limited situation, when *Bailey* was decided after petitioner had filed his first § 2255 motion and would thus be unable to pursue a successive motion, § 2241 is the is the appropriate vehicle for raising a *Bailey* claim. *In re Dorsainvil*, 119 F.3d at 248; *see also In re Davenport*, 147 F.3d 605 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir.1997); *United States v. Lorentsen*, 106 F.3d 278, 279 (9th Cir.1997). To rule otherwise would raise a serious issue about the constitutionality of the newly imposed limitations on § 2255 motions.

## II. Transfer Of § 2241 Petition To Trial Court

■ Lee properly filed the present § 2241 petition in the Northern District of Florida where he is incarcerated. A writ under § 2241 by a federal prisoner must be brought only in a district court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir.1990).

The Northern District of Florida determined that Lee is entitled to bring the § 2241 petition. The court then exercised its discretion to transfer to this court for determination of whether Lee is actually innocent of the firearm conviction. This court agrees that the actual innocence issue is best resolved in this court where Lee was tried and sentenced, and the offices of the United States Attorney and the Federal Public Defender who participated in the trial are located. *See Alamin v. Gerlinski*, 30 F.Supp.2d 464, 468 (M.D.Pa. 1998); *Conley v. Crabtree*, 14 F.Supp.2d 1203, 1206–08 (D.Or.1998).

## III. Availability Of Habeas Corpus Under 28 U.S.C. § 2241

Under The Antiterrorism Act, Lee is precluded from bringing a successive motion under § 2255 unless his motion satisfies one of the exceptions for certification. A *Bailey* claim does not meet the requirements for certification to proceed. While *Bailey* is retroactive to cases on collateral review, *see U.S. v. McPhail*, 112 F.3d 197, 199 (5th Cir.1997), *Bailey* did not establish a new rule of constitutional law, but simply interpreted a substantive criminal statute. *See, e.g., In re Blackshire*, 98 F.3d 1293, 1294 (11th Cir.1996).

■ Section 2255 contains a safety-valve provision allowing recourse to section 2241 [2] where the remedy under section

---

2. Section 2241 states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdic-

2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. As recognized in several recent decisions, in the circumstance where a petitioner claims that the conduct for which he is being held is no longer criminal due to a Supreme Court decision such as *Bailey* that is rendered after the petitioner's unsuccessful motion under § 2255, and certification under § 2255 is unavailable, the remedy of § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." *See In re Davenport,* 147 F.3d 605, 610–11 (7th Cir.1998); *In re Dorsainvil,* 119 F.3d 245, 251–252 (3rd Cir.1997); *Triestman v. U.S.,* 124 F.3d 361, 380 (2nd Cir.1997); *Alamin,* 30 F.Supp.2d at 467; *Conley,* 14 F.Supp.2d at 1206.

 In this case, Lee did not have an opportunity to bring his *Bailey* claim in his first § 2255 motion. Thereafter, the Supreme Court interpreted § 924(c) to provide for a different standard and made it retroactive. Lee has no remedy under § 2255. The remedy under § 2255 is therefore "inadequate or ineffective to test the legality of his detention," and Lee is entitled to bring this petition for writ of habeas corpus under § 2241.

Accordingly,

IT IS ORDERED that the government shall file a memorandum of law together with any evidence in support of its position on the issue of whether Lee is actually innocent of the crime charged in 28 U.S.C. § 924(c) on an expedited basis, not later than **Tuesday, June 1, 1999.**

---

tions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).