Revised March 8, 2001

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30266

_____


HENRY LEE, SR

                                    Petitioner - Appellant

        v.

MONICA WETZEL, Warden, Federal Prison Camp,
Pensacola, Florida

                                    Respondent - Appellee

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____

March 7, 2001

Before KING, Chief Judge, and ALDISERT[*] and BENAVIDES, Circuit
Judges.

KING, Chief Judge:

    Petitioner appeals the district court's denial of his

petition for writ of habeas corpus brought under 28 U.S.C.

§ 2241.  Contrary to the approach taken by the district court, we

do not consider the merits of Petitioner's § 2241 petition.

_____

    [*] Circuit Judge for the Third Circuit, sitting by
designation.

Instead, we address the question whether the District Court for the Eastern District of Louisiana had jurisdiction to decide the merits of the petition. Specifically, we decide whether the District Court for the Northern District of Florida, the district in which Petitioner was incarcerated at the time he filed his § 2241 petition, properly transferred the petition to the Eastern District of Louisiana, the district in which Petitioner was originally sentenced. For the following reasons, we conclude that the District Court for the Eastern District of Louisiana was without jurisdiction to rule on Petitioner's § 2241 petition. Accordingly, the judgment of the district court is VACATED, and the case is REMANDED with instructions to DISMISS without prejudice for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 1989, a jury convicted Petitioner Henry Lee, Sr. in the District Court for the Eastern District of Louisiana (the "Eastern District") for using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924.[1] In 1992, Lee filed his first motion for relief under 28 U.S.C. § 2255. The Eastern District denied the motion, and this court affirmed.

---

[1] Lee was also convicted of conspiring to distribute cocaine hydrocloride, in violation of 21 U.S.C. § 846, and for possessing cocaine hydrocloride with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

In 1995, however, the Supreme Court decided <u>Bailey v. United States</u>, which construed the term "use" in 18 U.S.C. § 924(c)(1) to mean that the defendant "actively employed the firearm during and in relation to the predicate crime." 516 U.S. 137, 150 (1995). Approximately five months later, Lee filed his second § 2255 motion in the Eastern District, asserting that under <u>Bailey</u>, he was innocent of the firearm charge. Because this motion was successive and Lee had failed to obtain the requisite certification from this court, the Eastern District denied the motion without prejudice. <u>See</u> 28 U.S.C. § 2255 (2000) (requiring certification by a panel of the appropriate court of appeals that the successive motion is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court).

In 1997, Lee filed his first petition for habeas corpus under 28 U.S.C. § 2241 in the Eastern District. This § 2241 petition was dismissed because, at the time of filing, Lee was incarcerated in another district. Then, on May 18, 1998, this court denied Lee's request for certification to file a successive § 2255 motion to challenge the firearm conviction under <u>Bailey</u>. This court determined that the successive motion did not meet the requirements of § 2255 in that Lee failed to make a prima facie showing that this § 2255 motion either contained newly discovered evidence or was based upon a new rule of constitutional law made retroactive by the Supreme Court. <u>See</u> 28 U.S.C. § 2255.

3

Finally, on October 28, 1998, Lee filed the present § 2241 petition for habeas corpus relief in the District Court for the Northern District of Florida (the "Northern District") where he was incarcerated. Lee claims that he was erroneously found guilty of a violation of 18 U.S.C. § 924(c), again basing this claim on Bailey. The Government moved to dismiss the § 2241 petition, arguing that Lee was misusing the § 2241 petition and that the appropriate avenue of relief was through § 2255.

The Northern District denied the Government's motion to dismiss, noting that while no court in the Eleventh Circuit has decided the issue, other courts of appeals have concluded that a § 2241 petition is the appropriate vehicle for raising a Bailey claim.[2] After denying the Government's motion, the Northern District decided that to "advance the interest of judicial economy," the case should be transferred to the Eastern District, the district of sentencing.

When the petition reached the Eastern District, the district court considered the merits of the case and determined that Lee had not shown that he was actually innocent of the firearm conviction and, thus, was barred from seeking relief. Lee timely appealed.

---

[2] In fact, this court has also found that a Bailey claim may be brought through a § 2241 petition. See Reyes-Requena v. United States, No. CIV.A. 99-41254, 2001 WL 197931, at *11 (5th Cir. Feb. 28, 2001) ("Thus, Reyes meets our stringent savings clause test and is permitted to file his Bailey claim under § 2241 in the district court of his incarceration[.]").

4

## II. PROPRIETY OF THE TRANSFER

The Government does not challenge this appeal on jurisdictional grounds; however, "we must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (internal quotations omitted) (quoting Castaneda v. Falcon, 166 F.3d 799, 801 (5th Cir. 1999)). Moreover, not only must we be confident of our own jurisdiction, but we are required to ensure that the district court also had jurisdiction to consider the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998); see also Solsona v. Warden, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987) ("[W]e raise sua sponte the question of the district court's jurisdiction."). As such, "[i]f the district court lacked jurisdiction, '[o]ur jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.'" Key, 205 F.3d at 774 (second alteration in original) (quoting N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 882 (5th Cir. 1998)).

In accepting the transfer, the Eastern District noted that the Northern District "exercised its discretion to transfer to this court for determination of whether Lee is actually innocent of the firearm conviction," Lee v. Weztel, 49 F. Supp. 2d 875, 877 (E.D. La. 1999), and concluded that "the actual innocence

issue is best resolved in this court where Lee was tried and sentenced, and the offices of the United States Attorney and the Federal Public Defender who participated in the trial are located." Id.

We conclude that the Northern District did not have the "discretion" to transfer Lee's § 2241 petition from its district, where Lee was incarcerated at the time of filing, to the Eastern District. First, § 2241 confers upon federal courts the authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241 (1994). While this court has not addressed the issue in these precise circumstances, we have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.[3] See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) ("The district court likewise lacked jurisdiction to entertain Hooker's pleading as a § 2241 petition: Such a petition

---

[3] While this court has held that "a section 2241 petition that seeks to challenge the validity of a federal sentence must be either dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000), we have also observed that § 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule." Id.; see also Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000), cert. denied, 121 S. Ct. 894 (2001). A petition for habeas corpus filed under § 2241 "attacks the manner in which a sentence is carried out," Pack, 218 F.3d at 451, and must be filed in the district with jurisdiction over the prisoner or his custodian. See id.; see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). In contrast, a § 2255 petition, which contests the validity of the sentence, must be filed in the sentencing court. See Pack, 218 F.3d at 451.

6

must be filed in the district where the prisoner is incarcerated. As Hooker is incarcerated in Talladega, Alabama, only the district court for the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition." (internal citations omitted)); Story v. Collins, 920 F.2d 1247, 1251 (5th Cir. 1991) ("If the petitioner is a federal prisoner, . . . the district court still must have jurisdiction over the prisoner or his custodian [to invoke the jurisdictional basis of § 2241].").

Second, our conclusion today — that the district of sentencing does not have jurisdiction to consider the merits of a § 2241 petition, unless the petitioner or his custodian is also located there — is consistent with the history of § 2241 and § 2255. One of the purposes behind the 1948 enactment of § 2255 was "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." United States v. Hayman, 342 U.S. 205, 219 (1952). Before the enactment of § 2255, there was "a great increase in the number of applications for habeas corpus filed in the federal courts by state and federal prisoners." Id. at 212. Because a petition for habeas corpus must be filed in the district of confinement, the practical problems arising from the increase of petitions were exacerbated by the fact that "the few District Courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions[.]" Id. at 213-14.

7

Moreover, in many of these habeas corpus actions, the district of incarceration was far from the scene of the crime, the homes of the witnesses, and the sentencing court's records. See id. at 214. To alleviate these burdens, Congress enacted 28 U.S.C. § 2255 "to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts." Id. at 219.

We note that if a district court had the "discretion" to transfer a habeas corpus action to a more "convenient" forum, before the enactment of § 2255, the above purpose for enacting § 2255 would have been rendered a nullity. Indeed, these overburdened districts of confinement could have easily advanced the "interest of judicial economy," as the Northern District did in the instant case, and transferred those burdensome habeas corpus actions to the sentencing court. However, the history of § 2241 and § 2255 tells us that this was not an option before the enactment of § 2255, and is not an option for district courts today.

Furthermore, a grant of a writ of habeas corpus operates against the restraining authority. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). Therefore, the court issuing the writ of habeas corpus must have jurisdiction over the petitioner or his custodian. See Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999). "Without such jurisdiction, the

court has no authority to direct the actions of the restraining authority." Id.

Finally, had Congress intended for district courts to have the discretion to transfer a habeas corpus petition brought under § 2241 to the sentencing district, it could have provided for such discretion as it did for states that hold more than one judicial district. See 28 U.S.C. § 2241(d) (2000) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the . . . district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

Accordingly, we conclude that the Eastern District did not have jurisdiction to entertain the merits of Lee's § 2241 petition for habeas corpus. See Hooker, 187 F.3d at 682; see also Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause."); Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995) ("Bell could properly attack the execution of his sentence in a 28 U.S.C. § 2241(a) petition. As the district court recognized however, it lacked subject matter jurisdiction

9

to hear his petition because Bell was not incarcerated in the Eastern District of Missouri."); <u>Norton v. United States</u>, 119 F. Supp. 2d 43, 45 (D. Mass. 2000) ("[E]ven when the petition challenges the validity rather than the execution of his sentence in a petition under section 2241, jurisdiction lies, not in the sentencing court as per section 2255, but in the district court that has jurisdiction over the custodian.").  As a result, Lee's § 2241 petition for habeas corpus relief must be dismissed without prejudice.[4]  Lee may file the petition in the appropriate court if he desires.[5]

### III. CONCLUSION

---

[4]  Our conclusion applies to both § 2241 petitions brought to contest the manner in which a prisoner's sentence is carried out and § 2241 petitions brought to attack the validity of a prisoner's sentence.  <u>See</u> <u>supra</u> note 3; <u>see also</u> <u>Hernandez</u>, 204 F.3d at 865; <u>Norton</u>, 119 F. Supp. 2d at 45.

[5]  We realize that since his notice of appeal to this court, Lee has been transferred to a halfway house located in the Eastern District.  However, our holding today does not amount to an empty formality because jurisdiction over Lee's habeas corpus petition attached at the time of filing when he was incarcerated in another judicial district located outside the state of Louisiana.  <u>See</u> <u>St. Paul Reinsurance Co. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]"); <u>see also</u> <u>Santillanes v. U.S. Parole Comm'n</u>, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief[.]").  Moreover, Lee was still situated in Florida when he filed his notice of appeal. Therefore, the fact remains that the Eastern District had neither jurisdiction over Lee nor jurisdiction over his custodian at the time the district court considered the merits of Lee's § 2241 petition.

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED with instructions to DISMISS without prejudice for lack of jurisdiction.