IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60454
Conference Calendar
_____

MAURICE BARR,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA;
JOE P. YOUNG,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-209-B
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Maurice Barr, federal prisoner # 10460-042, pleaded guilty
to possession with intent to distribute cocaine base and
marijuana.  Barr's sentence was enhanced to life imprisonment
based upon two prior drug convictions.  He filed a habeas corpus
petition under 28 U.S.C. § 2241 challenging his life sentence.
The district court dismissed the petition without prejudice
because Barr filed the petition in the wrong jurisdiction.  The
district court also held that it lacked jurisdiction to consider

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the petition as a successive 28 U.S.C. § 2255 motion because Barr had not received authorization from this court to file the motion. 28 U.S.C. § 2244(b)(3)(A).

Barr is currently incarcerated in Memphis, Tennessee. Thus, the district court did not err in determining that the proper court to entertain Barr's 28 U.S.C. § 2241 petition was the district court for the Western District of Tennessee. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). The district court also did not err in construing Barr's petition as an unauthorized successive 28 U.S.C. § 2255 motion. Barr has previously filed an unsuccessful 28 U.S.C. § 2255 motion, and the instant petition raises issues that could have been raised previously. See In Re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Because Barr did not seek authorization to file a successive 28 U.S.C. § 2255 motion, the district court did not err in holding that it lacked jurisdiction to consider a 28 U.S.C. § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3)(A). Accordingly, the district court's dismissal of Barr's federal habeas petition is AFFIRMED.