United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-10622
Summary Calendar

———————————————

CHARLES ALLEN HOUSE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-00320-A
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Allen House, federal prisoner #06081-112, appeals

the dismissal of his 28 U.S.C. § 2241 petition, which challenged

his conviction for conspiracy to possess with intent to

distribute methamphetamine. House argues that he is actually

innocent of the offense of conviction because his indictment did

not cite 21 U.S.C. § 846 and further, that the district court did

not determine whether he properly filed his petition in the

Northern District of Texas pursuant to 28 U.S.C. §§ 1651(a) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2241. The district court found that House's 28 U.S.C. § 2241 petition was improperly filed and was not salvaged by 28 U.S.C. § 2255's "savings clause."

House was not entitled to pursue habeas relief under 28 U.S.C. § 1651 because he remains in custody and has not completed his sentence. See United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998). Moreover, because House is not incarcerated in Texas, the district court did not have jurisdiction to entertain his petition pursuant to 28 U.S.C. § 2241. See Lee v. Wetzel, 244 F.3d 370, 373-75 (5th Cir. 2001). Accordingly, the judgment of the district court is VACATED and the case is REMANDED with instructions to DISMISS House's 28 U.S.C. § 2241 petition without prejudice for lack of jurisdiction.