United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30687
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR WILLIAMS, also known as Pop,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(05-CV-306)
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arthur Williams, federal prisoner # 08395-035, filed in the district court for the Eastern District of Texas a habeas corpus application pursuant to 28 U.S.C. § 2241. The case was assigned to a magistrate judge who determined that § 2241 was an inappropriate vehicle for the relief requested by Williams, but rather that his claims fell under the ambit of 28 U.S.C. § 2255. Without forwarding the matter on to a district court judge or making any findings regarding whether the petition met the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements of § 2255's savings clause, the magistrate judge ordered it transferred to the district court in the Western District of Louisiana, the court that had sentenced Williams. The Western District of Louisiana then dismissed Williams's petition without prejudice, ruling that it had neither jurisdiction to consider his petition as one under § 2241 nor jurisdiction to treat it like a § 2255 motion, as Williams had already filed several § 2255 motions and had not been granted permission to file a successive motion.

Although Williams has filed a motion for a certificate of appealability (COA), we agree with his assertion that a COA is not required. See Padilla v. United States, 416 F.3d 424, 425 (5th Cir. 2005). Accordingly, a COA is DENIED AS UNNECESSARY.

Williams also moves for a transfer back to the district court for the Western District of Louisiana with orders that that court transfer his case back to the Eastern District of Texas for a ruling on his § 2241 petition. The magistrate judge in the Eastern District of Texas lacked the discretion, if not the authority or jurisdiction, to transfer Williams's case to the Western District of Louisiana. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001); see also 28 U.S.C. § 636.

Based on the foregoing, Williams's request for transfer to the district court for the Western District of Louisiana is GRANTED for the limited purpose of that court's transfer of the case to the Eastern District of Texas for a ruling by a district

court judge.  In transferring this matter back to district court, this court makes no determination regarding the Eastern District of Texas magistrate judge's prior finding that Williams's 2241 application must be construed as a § 2255 motion and makes no instruction as to how the application should be construed.

COA DENIED AS UNNECESSARY; MOTION TO TRANSFER GRANTED FOR THE LIMITED PURPOSE OF THE DISTRICT COURT'S TRANSFER OF THE MATTER BACK TO THE EASTERN DISTRICT OF TEXAS FOR A RULING BY A DISTRICT COURT JUDGE.