# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 3, 2010

No. 09-30279
Summary Calendar

Charles R. Fulbruge III
Clerk

JASPER LLOYD DOCKERY,

Petitioner - Appellant

v.

JOE DRIVER, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-958

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jasper Lloyd Dockery was convicted in the Superior Court for the District of Columbia of first-degree premeditated murder while armed, two counts of possessing a firearm during a crime of violence, six counts of assault with intent to kill while armed, and unlawful possession of ammunition. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30279

Dockery argues the district court erred in determining it was the proper district to consider his section 2241 petition. He maintains he was incarcerated in West Virginia when he filed a 28 U.S.C. § 2254 application that was construed as a section 2241 petition. He acknowledges he was confined in the Western District of Louisiana when he filed the present section 2241 petition, but maintains this filing was a refiling of his initial 2254 application. Dockery asserts that jurisdiction would have been proper in the district of conviction, the District of Columbia, and the district court should have transferred his case there. As Dockery was confined in the Western District of Louisiana at the time he filed the present section 2241 petition, the district court did not err by considering the petition.[1]

Dockery also argues the district court erred by ruling that his claims were not cognizable in a section 2241 petition. Dockery claims his convictions were improper because there was no evidence he was indicted by a properly constituted grand jury and because he was indicted as a principal but convicted on an aiding and abetting theory. Based upon these claims he argues the Superior Court of the District of Columbia did not have jurisdiction and he has been incarcerated for non-existent offenses for fourteen years. He further maintains he was denied a speedy trial and his incarceration constitutes a miscarriage of justice. The district court determined the claims were properly characterized as claims challenging the convictions and therefore must be brought under 28 U.S.C. § 2255 or its District of Columbia equivalent D.C. Code § 23-110.

---

[1] *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001).

No. 09-30279

D.C. Code § 23-110 was patterned off 28 U.S.C. § 2255 with similar language to the federal one.[2] Thus the primary method of collaterally challenging a conviction and sentence entered in the Superior Court of the District of Columbia is the filing of a section 23-110 motion in that court.[3] In contrast, section 2241 is the proper procedural vehicle by which to raise an attack on "the manner in which the sentence is executed."[4] However, section 23-110, like section 2255, contains a savings clause that provides that a prisoner may challenge a conviction or sentence imposed by the Superior Court for the District of Columbia in a section 2241 petition if the remedy provided under section 23-110 is inadequate or ineffective to test the legality of his detention.[5]

Dockery argues his claims fit within the savings clause of section 23-110 because they were based upon the retroactively applicable Supreme Court rulings in *Blakely v. Washington*,[6] *Apprendi v. New Jersey*,[7] and *Richardson v. United States*.[8] He also argues his claims were foreclosed when they should have been raised because the Government concealed documents showing he was not indicted by a properly constituted grand jury in violation of *Brady v. Maryland*.[9]

---

[2] *Swain v. Pressly*, 430 U.S. 372, 377-78 & n.9 (1977).

[3] *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998)

[4] *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

[5] D.C. CODE § 23-110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986); *Tolliver*, 21 F.3d at 878.

[6] 542 U.S. 296 (2004).

[7] 530 U.S. 466 (2000).

[8] 526 U.S. 813 (1999).

[9] 373 U.S. 83, 87 (1963).

No. 09-30279

These challenges are to the propriety of his convictions; thus Dockery must demonstrate the remedy provided by D.C. Code § 23-110 is inadequate or ineffective to raise his claims in a section 2241 petition.  In order to seek relief under the savings clause Dockery must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decriminalizes the conduct for which he was convicted; and (3) his claim would have been foreclosed had he raised it at trial.[10]  None of  cases Dockery points to decriminalized any of the conduct for which he was convicted. Accordingly, the district court did not err by ruling Dockery could not raise his claims in a section 2241 petition.

The judgment of the district court is AFFIRMED. Dockery's Motions for Bail Pending Appeal, for Appointment of Counsel, and for Permission to Make References to the Record are DENIED.

---

[10] *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003).