# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-40984
Summary Calendar

Lyle W. Cayce
Clerk

COY LYNN OWENS,

Petitioner-Appellant,

veersus

KEITH ROY, Warden, Texarkana FCI,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-227

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Coy Owens, federal prisoner # 04702-078, seeks leave to proceed *in forma pauperis* ("IFP") on appeal from the dismissal of his 28 U.S.C. § 2241 petition,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which challenged his convictions for various mail fraud offenses and arson. He argued that his speedy trial rights were violated and that he was actually innocent of the offense of conviction. Because the district court determined that Owens's claims were challenges to his conviction under 28 U.S.C. § 2255, it dismissed the petition for lack of jurisdiction as an unauthorized successive § 2255 motion.

A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous appellate issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Owens argues that his claims fall within the savings clause of 28 U.S.C. § 2255 because *Zedner v. United States*, 547 U.S. 489 (2006), establishes his innocence and could not have been previously raised. A § 2241 petition attacking custody resulting from a federally-imposed sentence may be considered only where the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001). To show that § 2255 was rendered inadequate or ineffective, Owens must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

*Zedner*, 547 U.S. at 500-09, dealt with issues relating to the Speedy Trial Act. Because *Zedner* does not establish that Owens was convicted of a nonexistent offense, we need not determine whether *Zedner* is retroactive or whether Owens's claim was foreclosed when he filed his prior § 2255 motion or direct appeal.

Owens also argues that the district court lacked jurisdiction over his § 2241 petition by virtue of his transfer to Minnesota. The only district that may consider a habeas corpus challenge pursuant to § 2241 is the district in which the prisoner is confined at the time he filed his § 2241 petition. *Rumsfeld v.*

*Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). Because Owens was confined in the Eastern District of Texas at the time he filed the present § 2241 petition, the district court did not err by considering the petition. *See Padilla*, 542 U.S. at 442-43.

Owens has not established that he will raise a nonfrivolous appellate issue. *See Carson*, 689 F.2d at 586. Accordingly, we DENY the motion to proceed IFP on appeal, and we DISMISS Owens's appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2. Owens's motion for the appointment of counsel is DENIED. Owens is WARNED that future frivolous filings may result in the imposition of sanctions.