# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2011

Lyle W. Cayce
Clerk

No. 11-50240
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE LOPEZ QUINTERO, also known as Joe Lopez Quintero,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-117

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Lopez Quintero, federal prisoner # 42177-080, filed a purported 28 U.S.C. § 2241 petition challenging his sentences; the district court recharacterized his petition as a 28 U.S.C. § 2255 motion and dismissed it as an unauthorized successive motion. Quintero now seeks a certificate of appealability (COA) and argues that he may bring his challenge as a § 2241 petition pursuant to the "savings clause" of § 2255. In the alternative, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requests authorization to file a successive § 2255 motion. He also requests leave to proceed in forma pauperis on appeal.

As an initial matter, because Quintero sought relief under § 2241, he is not required to obtain a COA to appeal. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). However, because he did not file his § 2241 petition in the district of his current incarceration, the district court lacked jurisdiction to consider it as a § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370, 373 & n.3 (5th Cir. 2001).

Federal courts may recharacterize a pro se litigant's motion for various reasons, including to avoid an unnecessary dismissal. *Castro v. United States*, 540 U.S. 375, 381-82 (2003). Because it lacked jurisdiction to consider Quintero's claims as a § 2241 petition, and because § 2255 provides the primary means of collaterally attacking a federal sentence, the district court did not err by recharacterizing Quintero's petition as a § 2255 motion. *See Lee*, 244 F.3d at 373; *Padilla*, 416 F.3d at 425-26. However, a district court lacks jurisdiction to consider a successive § 2255 motion unless this court has granted permission to file a successive motion pursuant to 28 U.S.C. § 2244(b)(3)(A). *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000). Because this court has not yet granted such authorization the district court correctly found that Quintero's motion should be dismissed as an unauthorized successive application.

Quintero requests in the alternative that this court grant him authorization to file a successive § 2255 motion. A second or successive § 2255 motion must be certified by this court to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). Quintero argues that the Supreme Court's decisions in *Begay v. United States,* 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), are retroactively applicable to cases on collateral review and demonstrate that his prior convictions that were used for enhancement purposes under 18

U.S.C. § 924(e) were not qualifying crimes of violence. When seeking leave to file a successive § 2255 motion on the basis of a new rule of constitutional law, a movant must point to a Supreme Court decision that either expressly declares the collateral availability of the rule . . . or applies the rule in a collateral proceeding." *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) (internal quotation marks and citation omitted); *see also Tyler v. Cain,* 533 U.S. 656, 662 (2001) ("'[M]ade' means 'held' and, thus, the requirement is satisfied only if [the Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review."). Quintero has not met this standard.

MOTIONS FOR COA, AUTHORIZATION TO FILE A SUCCESSIVE § 2255 MOTION, AND LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED.