# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2014

Lyle W. Cayce
Clerk

No. 11-60700

WILLIE J. GRIFFIN, JR.,

Petitioner-Appellant

v.

WARDEN MR. EBBERT,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before SMITH, DENNIS, and HIGGINSON, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:

Federal prisoner Willie J. Griffin, Jr. filed this habeas petition, pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Middle District of Pennsylvania, against the warden of the federal prison at which he was confined within that district. Griffin alleged a denial of due process in his loss of good-time credits. Thereafter, Griffin was transferred to FCI Sandstone in Minnesota. The Pennsylvania federal district court dismissed the petition without prejudice, holding that it lacked jurisdiction because Griffin's immediate custodian was outside the Middle District of Pennsylvania. Griffin appealed, and the Third Circuit Court of Appeals reversed, *Griffin v. Ebbert*, No. 09-2058 (3d Cir. Dec. 2, 2009) (unpublished), citing *Barden v. Keohane*, 921 F.2d 476 n.1 (3d Cir. 1990), as holding that jurisdiction over a habeas petition is determined

when the petition is properly filed. The respondent asked that the case be transferred to the District of Minnesota because Griffin's Bureau of Prisons records were in that state. The Court of Appeals, "in the interests of justice" and "sound principles of judicial administration," summarily vacated the district court's order and remanded the case with instructions to use its "inherent judicial power" to transfer the case to the U.S. District Court for the District of Minnesota, *Griffin*, No. 09-2058 (citing *Alexander v. Comm'r*, 825 F.2d 499, 501-02 (D.C. Cir. 1987) (holding that 28 U.S.C. § 1631 did not revoke the court's inherent power to transfer cases over which the court has jurisdiction but not venue)).

Pursuant to the Third Circuit's direction, the district court of Pennsylvania's Middle District transferred the case to the U.S. District Court of the District of Minnesota on August 10, 2010. The case was received and filed in that district court on August 11, 2010. Several days before that, however, on August 3, 2010, Griffin was transferred to a federal prison in Marion, Illinois. Griffin remained there until April 18, 2011, at which time he was transferred to a federal correctional institution in Yazoo, Mississippi. A U.S. Magistrate Judge in Minnesota concluded that the U.S. District of Minnesota lacked jurisdiction and recommended that the case be transferred to the U.S. District Court for the Southern District of Mississippi, and the district court ordered that the case be transferred on June 27, 2011. Griffin's petition and sparse record were filed in the U.S. District Court for the Southern District of Mississippi on or about June 28, 2011. Before or after this date—the record is unclear when—Griffin was transferred from Mississippi to a federal prison in another state. On August 4, 2011, the district court in Mississippi concluded that it lacked jurisdiction because the jurisdiction of the Middle District of Pennsylvania attached upon Griffin's filing of his petition while he was confined there, citing *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001), and because that jurisdiction was not destroyed by Griffin's transfer to another prison, citing *McClure v. Hopper*, 577

F.2d 938, 939-40 (5th Cir. 1978). For these reasons, the Mississippi federal district court dismissed Griffin's civil action without prejudice. Griffin appealed.[1]

We vacate the district court's dismissal order and transfer Griffin's case back to the U.S. District Court for the Middle District of Pennsylvania. Griffin stated a claim upon which relief can be granted, and that court is the proper forum. Although we doubt that the government played forum games or kept moving Griffin so that his filing could not catch up,[2] the result is the same as if that had been the case. Griffin's claim should not be delayed any further.

When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change. *E.g.*, *McClure*, 577 F.2d at 939-40; *accord, e.g.*, *Smith v. Campbell*, 450 F.2d 829, 832 (9th Cir.

---

[1] Since the district court for the Southern District of Mississippi issued its decision, Griffin has been moved at least three more times: once to a Federal Prison Camp in Yankton, South Dakota, and again to the Federal Correctional Institution in Big Spring, Texas, and then to the Federal Correctional Institution in Oakdale, Louisiana—facts of which we may take judicial notice. *See* FED. R. EVID. 201(b)(2); *Camarillo v. United States*, 497 F. App'x 422, 422-23 (5th Cir. 2012) (per curiam) (judicial notice of Bureau of Prisons' public Inmate Locator Service) (collecting cases); *see also Lee*, 244 F.3d at 375 n.5 ("[S]ince his notice of appeal to this court, Lee has been transferred to a halfway house located in the Eastern District."). We also note that the government did not apply for permission to transfer Griffin among federal facilities while his appeal was pending in this Court as required by Federal Rule of Appellate Procedure 23(a).

[2] *See Rumsfeld v. Padilla*, 542 U.S. 426, 454 (2004) (Kennedy, J., concurring); *see also Eisel v. Sec'y of the Army*, 477 F.2d 1251, 1258 (D.C. Cir. 1973) ("To help prevent the Kafkaesque specter of supplicants wandering endlessly from one jurisdiction to another in search of a proper forum, only to find that it lies elsewhere, we think it proper to carry our reasoning to its ultimate conclusion and determine where we believe the proper forum to be.") (citing FRANZ KAFKA, THE TRIAL 268-78 (Knopf 1937)).

1971); *Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969); *Bishop v. Med. Superintendent*, 377 F.2d 467, 468 (6th Cir. 1967); *see Padilla*, 542 U.S. at 441; *Jones v. Cunningham*, 371 U.S. 236, 243-44 (1963); *Lee*, 244 F.3d at 375 n.5; *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Shute v. Texas*, 117 F.3d 233, 237 n.2 (5th Cir. 1997) ("Even aside from the fact that the state is a respondent in this action and was served with process, the state cannot defeat federal habeas review merely by unilaterally transferring the prisoner to the custody of another state actor.") (citing *Schultz v. United States*, 373 F.2d 524, 524 (5th Cir. 1967), and FED. R. APP. P. 23(a)); *Ex parte Catanzaro*, 138 F.2d 100, 101 (3d Cir. 1943) ("[W]e do not believe that passing about of the body of a prisoner from one custodian to another after a writ of habeas corpus has been applied for can defeat the jurisdiction of the Court to grant or refuse the writ on the merits of the application.").

For these reasons, this habeas petition and civil action are transferred back to the U.S. District Court for the Middle District of Pennsylvania, *see* 28 U.S.C. §§ 1631, 2241(b), either for expeditious hearing on the merits or for approval of Griffin's transfer of custody to an appropriate custodian and substitution of that custodian as a party, *cf.* FED. R. APP. P. 23(a).