# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-10243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2016

Lyle W. Cayce
Clerk

————

NICHOLAS QUANTEL ROBERSON,

Petitioner-Appellant

v.

MYRON L. BATTS, Warden, Federal Correctional Institution Big Spring,

Respondent-Appellee

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-175

————————————

Before STEWART, Chief Judge, and DAVIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nicholas Quantel Roberson, federal prisoner # 56146-180, appeals the dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 petition challenging his conviction and sentence for possession with intent to distribute cocaine base. The district court construed the claims raised as seeking 28 U.S.C. § 2255 relief and thus construed the petition as an unauthorized successive § 2255 motion over which it lacked jurisdiction. Reviewing the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10243

legal determinations de novo and its factual findings for clear error, we affirm. *See Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).

Jurisdiction over Roberson's habeas petition was proper in any division of the Northern District of Texas, the district of Roberson's confinement. *See* 28 U.S.C. § 124(a)(2), (3); *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). Roberson argues that he warrants application of the § 2255 savings clause because the Fair Sentencing Act of 2010 renders him actually innocent of his crime of conviction. As Roberson challenges the legality of his sentence, rather than the manner in which it is being executed, the district court did not err in concluding that his claims arise under § 2255. *See Padilla*, 416 F.3d at 425-26. Similarly, his claim that he is "actually innocent" of the sentence enhancement attacks the manner in which his sentence was initially determined. *See Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Therefore, he also had to meet the requirements of the savings clause of § 2255 to raise this claim in a § 2241 petition. *Id.* However, because he has not shown that his claims "[are] based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense," Roberson has not shown that he is entitled to proceed under the savings clause of § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED.