# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

No. 17-41044
Summary Calendar

CARL CHESTER,

Petitioner-Appellant

v.

CHARLES SAMUELS, Director of Federal Bureau of Prisons; F. LARA, Warden, USP Beaumont,

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-231

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Carl Chester, federal prisoner # 37667-048, appeals the summary judgment dismissal of his 28 U.S.C. § 2241 petition challenging his loss of good-time credits resulting from a prison disciplinary conviction for possessing marijuana. *See generally Griffin v. Ebbert*, 751 F.3d 288, 291 (5th Cir. 2014). Chester contends that the respondents violated due process by backdating a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reprinted service copy of the incident report—issued to replace the original, lost copy—to reflect the original date of service.  He characterizes the backdating as falsification, and he further avers that the regenerated report falsely reflects his admission to the reporting officer that he possessed marijuana.  Chester also contends that he never received the original report.  Finally, he avers that the district court erroneously granted summary judgment without considering his objections to the magistrate judge's report and recommendation.

We review a summary judgment de novo, using the same standard as the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A prisoner's verified complaint is competent summary judgment evidence, and, as the nonmovant, we presume his verified version of any disputed fact to be true.  *See Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

Furthermore, on appeal from the denial of a § 2241 petition, the district court's factual findings are reviewed for clear error, and its conclusions of law are reviewed de novo.  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).  Relief under § 2241 is "is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . would, if condoned, result in a complete miscarriage of justice."  *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (internal quotation marks and citation omitted).  To that end, due process entitles a prisoner facing disciplinary action to written notice of the charges at least 24 hours prior to the disciplinary hearing.  *Wolff v. McDonnell*, 418 U.S. 539, 564 (1977).

No. 17-41044

Chester's due process claims fail foremost because he presented no competent summary judgment evidence to rebut the respondents' evidence that he timely received a copy of the incident report. *See King*, 31 F.3d at 346. Although his initial petition was duly verified, Chester subsequently filed an amended petition, which he did not verify. Except in circumstances not relevant here, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect[.]" *Id.* Thus, Chester's amended petition "is the only effective complaint, and because it is unverified, it does not constitute competent summary judgment evidence." *Id.* As such, Chester "wholly failed" to meet his summary judgment burden with respect to his due process claims. *Id.*

In any event, any factual dispute as to the authenticity or service of the regenerated incident report would be immaterial because Chester presented no evidence of resulting prejudice. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). The uncontroverted record evidence shows that Chester was advised more than once of his right to written notice of the disciplinary charges; that he neither requested such notice nor indicated at any point that he was unaware of the charges; and that he has never disputed the factual basis of the charges. Moreover, Chester presents neither legal authority nor a compelling argument that, absent evidence of an intent to deceive, of which there is none, the backdating of the regenerated incident report amounted to falsification. He further offers no competent evidence that the report was otherwise falsified.

Accordingly, we hold that the district court did not abuse its discretion in granting summary judgment or in denying § 2241 relief. *See McFaul*, 684 F.3d at 571; *Christopher*, 342 F.3d at 381.

No. 17-41044

Finally, Chester does not suggest how the district court's failure to consider his objections to the magistrate judge's report and recommendation precluded meaningful review of his § 2241 claims.  Therefore, he fails to show, as he must, that any error by the district court prejudiced him.  *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on unrelated grounds*, *Kansas Reins. Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1373-74 (5th Cir. 1994).

The judgment is AFFIRMED.