# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2022

Lyle W. Cayce
Clerk

No. 21-60871
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Dandre Dshon Evans,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CV-288
USDC No. 1:17-CR-102-1

_____

Before Higginbotham, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Dandre Dshon Evans, federal prisoner # 20446-043, was convicted of two counts of possession of a firearm by a felon and was sentenced to consecutive terms of 120 months of imprisonment and 31 months of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment.  After his first 28 U.S.C. § 2255 motion was denied, and a second § 2255 motion was dismissed as unauthorized, Evans filed a pro se "Motion for Declaration of Legal Rights."  The district court construed the filing as a 28 U.S.C. § 2241 petition and dismissed it, without prejudice, for lack of jurisdiction.  Evans then filed a notice of appeal.

In the matter at hand, Evans moves this court for a COA.  However, as a federal prisoner appealing the denial of a § 2241 petition, Evans is not required to obtain a COA.  *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011); *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997).  Accordingly, his request for a COA is DENIED as unnecessary.

A § 2241 petition must be filed in the district in which the prisoner is confined.  *Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001).  Because Evans was confined in Florida, and "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition," *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001), we AFFIRM the district court's dismissal.

Alternatively, to the extent that Evans's Motion for Declaration of Legal Rights should have been construed by the district court as a timely motion under Federal Rule of Civil Procedure Rule 59(e) to alter or amend the judgment dismissing his second § 2255 motion as an unauthorized successive motion, the underlying judgment would be subject to review.  Evans must obtain a COA to appeal the denial of the ruling denying his second § 2255 motion, and to do so he must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, the district court's denial is based on a procedural ruling rather than on the merits, the prisoner must demonstrate that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because his contentions as to the merits of his claims of ineffective assistance of counsel and district court errors at sentencing fail to make the required showing, Evans's motion for a COA is DENIED.

Finally, given liberal construction, Evans's pro se COA filing seeks this court's authorization to file a successive § 2255 motion. To the extent that Evans is reraising the same claims adjudicated in his first § 2255 motion, they cannot be considered. *See* 28 U.S.C. § 2244(b)(1); *In re Bourgeois*, 902 F.3d 446, 447-48 (5th Cir. 2018) (holding that § 2244(b)(1) is incorporated into § 2255(h)). In any event, because Evans fails to make the required prima facie showing that his claims rely on newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, his motion for authorization is DENIED. *See* § 2244(b)(3)(C); § 2255(h).