# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-11214
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2023

Lyle W. Cayce
Clerk

Marshall Dewayne Williams,

*Petitioner—Appellant*,

*versus*

Warden of USP, *Coleman FCI*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1729

---

Before Stewart, Willett, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Marshall Dewayne Williams, federal prisoner #14130-077, seeks leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his 28 U.S.C. § 2241 petition and the denial of his related motion under Federal Rule of Civil Procedure 59(e). Williams contends the Bureau of Prisons has not properly calculated his release date and that he is being unlawfully

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

detained.  To succeed on his IFP motion, he must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue. *See* 28 U.S.C. § 1915(a), (e)(2); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because his application reflects savings of $1,557.12 and no debts, monthly expenses, or dependents, Williams is not financially eligible to proceed IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Regardless of his ability to pay the fee, however, the appeal is meritless. The district court correctly dismissed Williams's § 2241 petition for lack of jurisdiction because he is incarcerated in the Middle District of Florida, *see Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001), and his appellate brief does not address that dispositive ruling. Indeed, we have previously advised Williams on more than one occasion that he must pursue relief in the district of incarceration, as it is the only court with jurisdiction to grant it. *Williams v. United States*, No. 20-10422, 2021 WL 5871878, 1 (5th Cir. Dec. 10, 2021); *In re Williams*, No. 22-20400 (5th Cir. Dec. 22, 2022) (unpublished order denying mandamus petition). Williams in fact has a § 2241 petition pending in that district, raising the same challenge to his detention that he seeks to raise here. His appeal thus lacks "legal points arguable on their merits" and is frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, IT IS ORDERED that the IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 201–02 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

Williams has ignored this court's prior rulings regarding jurisdiction and our warning against frivolous, abusive, or repetitive filings, by pursuing his claims in this appeal and in his recent mandamus petition. He is, therefore, ORDERED to pay a sanction of $100 to the clerk of this court and is BARRED from filing in this court or any court subject to this court's jurisdiction any challenge to his 1984 federal convictions or sentences until

No. 21-11214

the sanction is paid in full or unless he obtains permission from the forum court. Williams is further WARNED that any future frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions.